UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

American Seeds, LLC,

       Plaintiff,

v.                                                                       Civil No. 12-2951 (JNE/LIB)
                                                                        ORDER

Wayne Dalchow,

       Defendant.

After terminating a dealer contract with Wayne Dalchow, American Seeds, LLC, brought this action against him under the jurisdiction conferred by 28 U.S.C. § 1332 (2006 & Supp. V 2011). The Court has "an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1193 (2010). Observing that American Seeds did not allege its own citizenship, the Court grants American Seeds an opportunity to file an Amended Complaint.

Section 1332(a)(1) provides that a district court has original jurisdiction over a civil action where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states. "When jurisdiction is based on diversity of citizenship, the pleadings, to establish diversity, must set forth with specificity the citizenship of the parties." *Barclay Square Props. v. Midwest Fed. Sav. & Loan Ass'n of Minneapolis*, 893 F.2d 968, 969 (8th Cir. 1990). As the party invoking diversity jurisdiction, American Seeds bears the burden of establishing the citizenship of each party. *See Walker v. Norwest Corp.*, 108 F.3d 158, 161 (8th Cir. 1997); *Sheehan v. Gustafson*, 967 F.2d 1214, 1215 (8th Cir. 1992).

In its Complaint, American Seeds alleged that Wayne Dalchow is "a citizen of Minnesota." American Seeds also alleged that it is "a limited liability corporation [sic] organized under the laws of Delaware with its headquarters and principal place of business in

Missouri."[1]  For purposes of diversity jurisdiction, a limited liability company's citizenship is that of its members.  *OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007); *GMAC Commercial Credit LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d 827, 829 (8th Cir. 2004).  "When diversity jurisdiction is invoked in a case in which a limited liability company is a party, the court needs to know the citizenship of each member of the company."  *Delay v. Rosenthal Collins Grp., LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009); *see Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004) (per curiam) ("To sufficiently allege the citizenships of these unincorporated business entities, a party must list the citizenships of all the members of the limited liability company and all the partners of the limited partnership."); *cf. Barclay Square Props.*, 893 F.2d at 969 ("Barclay Square Properties is a limited partnership, and because its complaint did not allege the citizenship of each limited partner, the pleadings were insufficient to establish diversity jurisdiction.").  "[B]ecause a member of a limited liability company may itself have multiple members—and thus may itself have multiple citizenships—the federal court needs to know the citizenship of each 'sub-member' as well."  *Delay*, 585 F.3d at 1005.  American Seeds did not allege with specificity the citizenship of its members.  Consequently, American Seeds failed to allege its own citizenship.

Having failed to allege its own citizenship, American Seeds has not satisfied its burden of alleging diversity jurisdiction.  Unless American Seeds files, within seven days of the date of this Order, an Amended Complaint that alleges with specificity the citizenship of each party at the time of this action's commencement, *see Grupo Dataflux v. Atlas Global Grp., L.P.*, 541 U.S. 567, 574-75 (2004), the Court will dismiss this action for lack of subject-matter jurisdiction.  *See*

---

[1]   Because "LLC" appears in its name, American Seeds is apparently a limited liability company.  *See* 6 Del. C. § 18-102.  A database available on the Delaware Department of State's website indicates that American Seeds is a limited liability company.

CASE 0:12-cv-02951-JNE-LIB   Document 2   Filed 11/27/12   Page 3 of 3

3

28 U.S.C. § 1653 (2006) ("Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts."); *Dubach v. Weitzel*, 135 F.3d 590, 593 (8th Cir. 1998).

IT IS SO ORDERED.

Dated: November 27, 2012

s/Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge
