UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Civil No.12-2951 (JNE/LIB)

**American Seeds, LLC, as Successor by Merger of Kruger Seed Company,**

*Plaintiff*,

**ANSWER**

vs.

**Wayne Dalchow,**

*Defendant.*

Defendant, Wayne Dalchow, as and for his Answer to the Complaint in the matter above-captioned states and alleges as follows:

1. Denies each and every allegation, matter and thing set forth in said complaint, unless hereinafter expressly admitted, qualified or otherwise answered.

2. Defendant is a 78 year old resident of Princeton, Minnesota located in Mille Lacs County and has sold agricultural seeds to local farmers as his main career and livelihood. Defendant hired an assistant in 2010 to help him run his business as he grew older and unfortunately was the victim of a massive embezzlement scheme that included cash, inventory, equipment, and real property. Plaintiff's alleged debt is a part of the embezzlement scheme which accountants, law enforcement, and legal counsel are currently trying to clarify and resolve. Therefore under information and belief Defendant admits to the allegations in paragraph 1.

3. Defendant admits paragraph 2.

4. Defendant admits paragraph 3.

5. Defendant admits to personal jurisdiction as alleged in paragraph 4.

6. Defendant admits paragraph 5.

7. Defendant admits paragraph 6.

8. Defendant admits paragraph 7.

9. Defendant admits Plaintiff supplied seed but lacks sufficient information to admit to the specific invoices attached as Exhibits C, D and E at this time as alleged in paragraph 8.

10. Defendant admits paragraph 9.

11. Defendant admits paragraph 10.

12. Defendant admits Plaintiff supplied seed ordered by Dalchow and his assistant but lacks sufficient information to admit to the specific dollar amounts alleged in paragraph 11.

13. Defendant denies paragraph 12 insofar as he believes it was his assistant acting without his knowledge that communicated with and agreed to pay Plaintiff.

14. Defendant admits paragraph 13.

15. Defendant admits to owing Plaintiff but lacks sufficient information to admit to the specific amounts as alleged in paragraph 14. Defendant's forensic accountants have found a check that was not cashed due to non-sufficient funds "NSF" for approximately $106,000 in the July 2012 bank statement of the business account.

16. Defendant admits to owing Plaintiff but lacks sufficient information to admit to the specific amount as alleged in paragraph 15.

17. Defendant denies paragraph 16 insofar as he believes it was his assistant acting without his knowledge that received the notices and discussed the debt with Plaintiff.

18. Defendant admits to owing Plaintiff but lacks sufficient information to admit to the specific amount as alleged in paragraph 17. Defendant denies paragraph 17 insofar as he believes it was his assistant who received notices from Plaintiff and did not communicate them to the Defendant to further his fraud and embezzlement.

19. Defendant admits paragraph 18.

20. Defendant lacks sufficient knowledge to admit or deny the allegations in paragraph 19.

21. Defendant admits to owing Plaintiff but lacks sufficient information to admit to the specific amounts as alleged in paragraph 20.

22. Defendant denies paragraph 21 insofar as he believes it was his assistant acting without his knowledge that received the notices and discussed the debt with Plaintiff.

23. Defendant denies paragraph 22 insofar as he believes it was his assistant acting without his knowledge that received the notices and discussed the debt with Plaintiff.

24. Defendant admitted to meeting personally with Plaintiff representatives "a week or two ago" and receiving notice of termination on or about September 27, 2012 when he retained counsel due to discovering the fraud as alleged in paragraph 23.

25. Defendant admits paragraph 24.

26. Defendant admits paragraph 25.

27. Defendant admits to owing Plaintiff but lacks sufficient information to admit to the specific amount as alleged in paragraph 26.

28. Defendant denies paragraph 27.

29. Defendant admits paragraph 28

30. Defendant admits to owing Plaintiff but lacks sufficient information to admit to the specific amount as alleged in paragraph 29.

31. Defendant admits to owing Plaintiff but lacks sufficient information to admit to the specific amount as alleged in paragraph 30.

32. Defendant admits paragraph 31.

33. Defendant admits paragraph 32.

34. Defendant denies paragraph 33.

35. Defendant denies paragraph 34.

36. Defendant admits paragraph 35.

37. Defendant denies paragraph 36.

38. Defendant denies paragraph 37.

39. Defendant admits paragraph 38.

40. Defendant denies paragraph 39.

## AFFIRMATIVE DEFENSES

41. The incident giving rise to this action may have been caused or contributed to by Plaintiff, thereby barring or limiting any potential recovery to which he alleges entitlement pursuant to the principles of contributory and comparative fault.

42. Defendants reserve the right to assert any and all additional affirmative defenses permissible, to the extent any such defense is deemed applicable as discovery progresses.

WHEREFORE, Defendant prays that Plaintiff takes nothing by its pretended cause of action, and the court enter judgment in its favor dismissing this action with prejudice and on the merits, and further orders Plaintiff to pay Defendant his reasonable costs, disbursements, and such other relief deemed just and reasonable.

**JOSLIN & MOORE LAW OFFICES, P.A.**

Dated:  January 2, 2010         By /s/ Patrick B. Moore
    Patrick B. Moore (Atty. Reg. No. 252384)
    221 NW Second Avenue
    Cambridge, MN 55008
    (763) 689-4101
    pbmoore@joslinmoore.com

*Attorney for Defendant Wayne Dalchow*